

NUMBER 13-10-00535-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

PAUL PAWLAK,                                                    Appellant,

v.

THE STATE OF TEXAS,                                            Appellee.

## On appeal from the 347th District Court
## of Nueces County, Texas.

# MEMORANDUM OPINION ON REMAND

**Before Justices Rodriguez, Benavides, and Perkes**
**Memorandum Opinion on Remand by Justice Benavides**

This case is before us on remand from the Texas Court of Criminal Appeals. *See*

*Pawlak v. State*, No. 13-10-00535-CR, 2012 WL 3612493, at *9 (Tex. App.—Corpus

Christi Aug. 23, 2012), *vacated and remanded*, No. PD-1616-12, 2013 WL 5220872, at

*4 (Tex. Crim. App. Sept. 18, 2013). In its opinion, the court of criminal appeals concluded that the trial court abused its discretion by admitting images of pornography in the form of extraneous-offense evidence, including child pornography. In so holding, the court of criminal appeals vacated our previous judgment affirming the trial court's judgment and remanded the case for us to conduct an analysis on the issue of whether the admission of the pornographic images was harmful. *See Pawlak*, 2013 WL 5220872 at *4; *see also* TEX. R. APP. P. 44.2(b). Following the court of criminal appeals's analysis in this case, we reverse and remand for a new trial.

## I. BACKGROUND

Appellant, Paul Pawlak, was indicted by a Nueces County grand jury in August 2010 on five counts of sexual assault of a child, two counts of attempted sexual assault, and one count of sexual assault. These charges involved complaints made by five young males regarding incidents that occurred between 1994 and 2008.

At trial, Pawlak's accusers each testified in detail about how Pawlak allegedly sexually assaulted them. The jury found Pawlak guilty of (1) two counts of sexual assault of a child based on R.O.'s allegations; (2) one count of sexual assault based on N.G.'s allegations; (3) one count of sexual assault of a child based on J.P.'s allegations; and (4) one count of attempted sexual assault based on M.R.'s allegations.

In this Court's original opinion, we affirmed the trial court's judgment. The court of criminal appeals granted Pawlak's petition for discretionary review to determine whether we erred by holding that (1) Pawlak opened the door to the admission of extrinsic evidence of an extraneous offense, and (2) the trial court did not abuse its discretion in

2

admitting thousands of extraneous pornographic images over Pawlak's Rule 403 objection. *See Pawlak*, 2013 WL 5220872, at \*1.

The court of criminal appeals held that "the sheer volume of extraneous-offense evidence was unfairly prejudicial and invited the jury to convict Appellant of sexually assaulting or attempting to sexually assault the victims because Appellant possessed 9,900 pornographic images that included child pornography." *See id.* at \*3.

## II.  HARM ANALYSIS

By his first issue, Pawlak asserts that the trial court reversibly erred by admitting extrinsic evidence of thousands of images of pornography, including some images containing children. Because the court of criminal appeals held that the trial court abused its discretion in admitting the photographs, we now analyze such error for harm. *See* TEX. R. APP. 44.2(b); *Fuller v. State*, 363 S.W.3d 583, 589 (Tex. Crim. App. 2012).

### A.  Standard of Review and Applicable Law

In order to properly conduct a harm analysis under Rule 44.2(b), an appellate court need determine whether or not the error affected a substantial right of the defendant. *Llamas v. State*, 12 S.W.3d 469, 471 n.2 (Tex. Crim. App. 2000). To make this determination, appellate courts must decide whether the error had a substantial or injurious effect on the jury verdict. *Id.* The very process of reaching this decision is the performance of a Rule 44.2(b) harm analysis. *Id.*

Substantial rights are not affected by the erroneous admission of evidence "if the appellate court, after examining the record as a whole, has fair assurance that the error did not influence the jury, or had but a slight effect." *Motilla v. State*, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002). In assessing the likelihood that the jury's decision was adversely

3

affected by the error, the appellate court should consider everything in the record, including any testimony or physical evidence admitted for the jury's consideration, the nature of the evidence supporting the verdict, the character of the alleged error, and how it might be considered in connection with other evidence in the case. *Id.* We may also consider the jury instructions, the State's theory and any defensive theories, closing arguments, and even voir dire, if applicable. *Id.* at 355–56. Finally, we have recognized that whether the State emphasized the error can be a factor. *Id.*

We may also consider overwhelming evidence as a factor to consider. *Id.* at 356–57. However, if the error was of a magnitude that it disrupted the jurors' orderly evaluation of the evidence, no matter how overwhelming the evidence might have been, then the conviction is tainted. *Pollard v. State*, 255 S.W.3d 184, 190 (Tex. App.—San Antonio 2008), *aff'd*, 277 S.W.3d 25, 33 (Tex. Crim. App. 2009) (internal citation omitted). Evidence of a defendant's bad character traits can cause a devastating impact on a jury's rational disposition towards other evidence and, as such, is poor evidence of guilt. *Mayes v. State*, 816 S.W.2d 79, 86 (Tex. Crim. App. 1991) (en banc). Thus, we consider the extent to which the error was emphasized by the State, its probable collateral implications, the weight a juror would likely place on the error, and whether declaring it harmless would likely encourage the State to repeat the error with impunity. *Pollard,* 255 S.W.3d at 190. We focus not on the weight of the other evidence of guilt, but rather on whether the error at issue might possibly have prejudiced the jurors' decision-making. *Id.*

## B. Discussion

The record shows that five of Pawlak's young male accusers testified at trial and described Pawlak's alleged acts to the jury with eerily similar detail. In his defense,

Pawlak called witnesses to testify about Pawlak's good character. One defense witness, Carrie Pennel, testified that she did not believe, among other things, the "pornography" allegations that were made in the media against Pawlak to be true. The State took Pennel's testimony as an invitation to introduce the thousands of electronic images of pornography, including some involving young males, and the trial court admitted them. The images, admitted as State's Exhibits 19 and 20, were displayed to the jury "quickly" due to their "graphic nature." During closing arguments, the State did not reference the pornography and, instead, focused on the testimony of the complainants and pleaded with the jury for law enforcement. Pawlak's defense counsel, however, referenced the "bad stuff" found on his computer.

We have reviewed these images and conclude that they are voluminous and are of a pornographic nature. Evidence of an extraneous sexual offense will always carry emotional weight and the danger of impressing the jury in an irrational and indelible way. *Wheeler v. State*, 67 S.W.3d 879, 889 (Tex. Crim. App. 2002) (en banc). Despite the overwhelming weight of evidence provided by five witnesses who testified against Pawlak, the magnitude of the thousands of images of pornography, some of which contained images of children, likely disrupted the jurors' orderly evaluation of the evidence, particularly when weighed against the specific allegations of this case—that is, Pawlak's alleged sexual assaults of teenaged males. *See Pollard*, 255 S.W.3d at 190.

Therefore, after examining the record as a whole, we do not have fair assurance that the trial court's error did not influence the jury or had but a slight effect. *See Motilla*, 78 S.W.3d at 355. The erroneous admission of these images harmed Pawlak. *See* TEX. R. APP. P. 44.2(b). We sustain Pawlak's first issue.

5

### III.     CONCLUSION

We reverse the trial court's judgment and remand this case for a new trial.

_____
GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
3rd day of April, 2014.